NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIRGIL ROGERS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2016

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-17-0123-I-1.

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

Having considered the parties' responses to the court's July 24, 2023, order to show cause, we now transfer the case to the United States District Court for the District of Columbia.

The parties—and the court—agree that Virgil Rogers seeks judicial review of a Merit Systems Protection Board decision in a "[c]ase[] of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), and

that this so-called mixed case belongs in federal district court, *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420 (2017).

Pursuant to 28 U.S.C. § 1631, the court may transfer the matter to a court where "the action or appeal could have been brought." Mr. Rogers requests transfer to the United States District Court for the Eastern District of Washington, where he states he currently resides. By contrast, the Board urges transfer to the United States District Court for the District of Columbia, where the underlying agency (Department of Defense) has its principal office.

Because Mr. Rogers pursues a claim of discrimination under the Civil Rights Act of 1964, this action is governed by the venue restrictions set forth in 42 U.S.C. § 2000e-5(f). *See* 5 U.S.C. § 7703(b)(2) ("Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)) . . . ."); 42 U.S.C. § 2000e–16(c) (specifying a federal employee or applicant "may file a civil action as provided in section 2000e-5").

That statute sets venue in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." § 2000e-5(f)(3).

From the record, the Eastern District of Washington satisfies none of those conditions. The court will instead transfer to the District of Columbia, leaving it for that court to address the proper respondent.

Accordingly,

ROGERS v. MSPB                                                                      3


IT IS ORDERED THAT:

The petition for review and all of the filings are transmitted to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

October 18, 2023
Date

Jarrett B. Perlow
Clerk of Court